149 So. 723

## BARNES v. FEDERAL ACCEPTANCE CORPORATION.

### 6 Div. 254.

Court of Appeals of Alabama.

June 30, 1933.

Rehearing Denied Sept. 12, 1933.

Geo. R. Carter, of Birmingham, for appellant.

L. C. Albright, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

This suit originated in the municipal court of Birmingham. The trial in said court resulted in a judgment for plaintiff (appellee). An appeal was taken to the circuit court, where the cause was tried by jury and verdict rendered for appellee. From the judgment in the circuit court this appeal was taken.

The action was based upon the following promissory note as shown by the record:

"Note.

"$54.75　Birmingham, Ala.　Date 12/21/1927.

"For value received, at the time or times stated in the schedule of Payments hereon, I, we, promise to pay to the order of Brackin's Fifty Four & 75/100—$5.00 Mo. Dollars at the office of Brackin's, at Birmingham, Alabama, with interest from date.

"This note, including all installments thereof of even date herewith is identified with conditional sale agreement covering certain personal property. Failure to pay this note, or any of the installments thereof when due, shall at the option of the holder hereof, mature all of said installments then unpaid. In the event that an attorney be employed to collect or attempt to collect this note or any installments thereof by suit or otherwise to preserve or protect the property described in the aforesaid conditional sale, the parties hereto agree to pay all costs incurred, including a reasonable attorney's fee, which shall not be less than fifteen per cent of the amount then due. The parties hereto, whether maker, surety, endorser, hereby waive presentment, demand, protest and notice of nonpayment; and also waive all rights of exemption which they may have under the Constitution and laws of this or any other State, or of the United States, and the endorsers and sureties hereby agree to extensions of the time of payment hereof without notice to them of such extensions.

"[Signed]　Walter E. Barnes.　[Seal]

"(Buyer)

"Sold, Transferred and Assigned to Federal Acceptance Corporation for value without recourse.

"This —— day of ——, 1929.

"Brackin's

"Per N. L. Brackin."

It was permissible for the court to allow plaintiff to prove the correct date of transfer of the note in question by its witness Mrs. Vivian Hatcher. Appellant's insistence to the contrary cannot be sustained.

We are of the opinion that the proper issues were formulated by the rulings of the court upon the pleadings. Also that the court properly submitted the case to the jury under his instructions to the effect that, if they were reasonably satisfied from the evidence that plaintiff was the holder in due course, they should find for the plaintiff, etc. The jury so found and returned its verdict, which the court upheld by overruling the defendant's motion for a new trial. The judgment rendered was correct, and it does not appear in any of the court's ruling that reversible error prevailed. Several other questions are presented, but from the viewpoint we take of this simple case need not be discussed.

The judgment of the lower court from which this appeal was taken is. affirmed.

Affirmed.